MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, and Peter Andreski*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., RYAN MCINERNEY, CHRIS SUH, and PETER ANDRESKI,<br><br>Defendants. | Case No. 3:24-cv-08220-JSC<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [Civil L.R. 3-12]**<br><br>Judge: Hon. Jacqueline Scott Corley |

ADMINISTRATIVE MOTION TO CONSIDER                    Case No. 3:24-cv-08220-JSC
CASES SHOULD BE RELATED

On January 31, 2025, a related case, *Ho v. McInerney, et al.*, No. 3:25-cv-01052-SK (N.D. Cal.) (the "*Ho* Derivative Action"), was filed in this District.  Pursuant to Civil Local Rule 3-12, Defendants Visa Inc. ("Visa"), Ryan McInerney, Chris Suh, and Peter Andreski (together, "Defendants") hereby respectfully move the Court to issue an order designating the *Ho* Derivative Action as related to the above-captioned purported securities class action (the "*Cai* Action").

## I.    APPLICABLE STANDARD UNDER CIVIL LOCAL RULE 3-12

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L. R. 3-12(a).

Whenever a party knows or learns that an action filed in or removed to this District may be related to an action which is or was pending in this District, that party "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L. R. 3-12(b).  The motion must include: "(1) The title and case number of each apparently related case; (2) A brief statement of the relationship of the actions according to criteria set forth in Civil L.R. 3-12(a)." Civil L. R. 3-12(d).

## II.    THE *HO* DERIVATIVE ACTION IS RELATED TO THIS ACTION

The *Ho* Derivative Action was brought by a Visa shareholder putatively on Visa's behalf.  The plaintiff in the *Ho* Derivative Action identified that case as related to this action in the civil cover sheet filed with the *Ho* complaint.  (*See Ho* ECF No. 1.1.)

Visa is named as a defendant in this action and as a nominal defendant in the *Ho* Derivative Action.  Ryan McInerney, Chris Suh, and Peter Andreski are named as defendants in both actions. The *Ho* Derivative Action is brought against certain current officers and directors of Visa and—like this action—arises in response to the Department of Justice's allegations in the pending antitrust suit filed against Visa on September 24, 2024. *United States v. Visa Inc.*, No. 1:24CV07214 (S.D.N.Y.).  The *Ho* Derivative Action alleges several violations of state law, including breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, as well as violations of the federal securities laws, and seeks contribution from certain

2

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

Case No. 3:24-cv-08220-JSC

defendants under Sections 10(b) and 21D of the Securities Exchange Act of 1934 relating in part to their exercise of control over the business and corporate affairs of Visa given their positions as officers and/or directors. (*See Ho* ECF No. 1 ¶¶ 195–251.)   Many of the public statements challenged in the *Ho* Derivative Action are also challenged in this action. (Compare *id.* ¶¶ 120–145, *with Cai* ECF No. 1 ¶¶ 22–43.)

Given the overlap in parties and allegations, both actions raise similar legal, factual, and evidentiary issues. For example, both actions will likely require the Court to address, among other things, whether the plaintiffs adequately allege that certain statements were materially false and misleading when made, and whether those statements were made by defendants with an intent to defraud. If the cases survive motions to dismiss, there is likely to be substantial overlap in other legal and factual matters. As such, conducting these cases before different judges in this District would likely result in an unduly burdensome duplication of labor and expense for the parties involved in each action, as well as the Court, and could also create the potential for conflicting results.

For the foregoing reasons, Defendants respectfully request that the Court designate the *Ho* Derivative Action as related to this action.

DATED: February 13, 2025       Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ */s/ Mark R.S. Foster* _____
         Mark R.S. Foster

*Attorney for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, and Peter Andreski*

3

**[PROPOSED] ORDER DEEMING CASES RELATED**

Pursuant to Civil Local Rule 3-12, Defendants Visa Inc. ("Visa"), Ryan McInerney, Chris Suh, and Peter Andreski filed an Administrative Motion to Consider Whether Cases Should Be Related, requesting that *Ho v. McInerney, et al.*, No. 3:25-cv-01052-SK (N.D. Cal.) (the "*Ho* Derivative Action") be designated as related to the above-captioned action.

Good cause having been shown, IT IS HEREBY ORDERED that the *Ho* Derivative Action is related to this action.

DATED: _____, 2025

_____
HONORABLE JAQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED                    Case No. 3:24-cv-08220-JSC