MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, and Peter Andreski*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VISA INC., RYAN MCINERNEY, CHRIS SUH, and PETER ANDRESKI, <br><br> Defendants. | Case No. 5:24-cv-08220-NW <br><br> **CLASS ACTION** <br><br> **STATEMENT OF SUPPORT TO RELATE CASES PURSUANT TO LOCAL CIVIL RULE 3-12, SUBDIVISIONS (C) AND (E)** <br><br> Judge: Hon. Noël Wise |

Defendants Visa Inc. ("Visa"), Ryan McInerney, Chris Suh, and Peter Andreski (together, "Defendants") hereby submit this statement in response to Magistrate Judge Thomas S. Hixton's *sua sponte* Judicial Referral for Purposes of Determining Relationship, ECF No. 9, *Testani v. McInerney, et al.*, No. 3:25-cv-2213-TSH (N.D. Cal.) (the "Testani Referred Action") and in response to Magistrate Judge Sallie Kim's *sua sponte* Judicial Referral for Purposes of Determining Relationship, ECF No. 11, *Ho v. McInerney, et al.*, No. 3:25-cv-01052-SK (N.D. Cal.)[1] (the "Ho Referred Action" and together the "Referred Actions").

## I.    APPLICABLE STANDARD UNDER CIVIL LOCAL RULE 3-12

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L. R. 3-12(a).

"Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the lowest-numbered case with a request that the Judge assigned to the lowest-numbered case consider whether the cases are related."  Civil L. R. 3-12(c).

The parties must file any response in support of relating the cases pursuant to Civil L. R. 3-12(e).  Civil L. R. 3-12(c).  The statement of support "must specifically address the issues in Civil L.R. 3-12(a) and (d)."  Civil L. R. 3-12(e).  Therefore the statement of support must include: "(1) The title and case number of each apparently related case; (2) A brief statement of the relationship of the actions according to criteria set forth in Civil L.R. 3-12(a)."  Civil L. R. 3-12(d).

## II.    THE REFERRED ACTIONS ARE BOTH RELATED TO THE *CAI* ACTION

The *Testani* Referred Action and the *Ho* Referred Action, were brought by separate Visa shareholders putatively on Visa's behalf.  In both of the Referred Actions, the plaintiffs identified their case as related to the *Cai* Action in a Notice of Pendency of Other Action or Proceeding Pursuant to Local Rule 3-13.  (*See Ho* ECF No. 10; *Testani*  ECF No. 3.)

---

[1]  On February 13, 2024, Defendants Visa Inc., Ryan McInerney, Chris Suh, and Peter Andreski filed an Administrative Motion to consider whether the *Ho* Referred Action and the above-caption case are related.  *Cai v. Visa Inc., et al.*, No. 5:24-cv-08220-NW (N.D. Cal.), ECF No. 18 (the *Cai* Action).

Visa is named as a defendant in the *Cai* Action and as a nominal defendant in both of the Referred Actions. Ryan McInerney, Chris Suh, and Peter Andreski are named as defendants in all actions. Both Referred Actions are brought against certain current and former officers and directors of Visa and—like the *Cai* Action—relate to the Department of Justice's allegations in the pending antitrust suit filed against Visa on September 24, 2024. *United States v. Visa Inc.*, No. 1:24CV07214 (S.D.N.Y.).

The *Ho* Referred Action alleges several violations of state law, including breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, as well as violations of the federal securities laws, and seeks contribution from certain defendants under Sections 10(b) and 21D of the Securities Exchange Act of 1934 relating in part to their exercise of control over the business and corporate affairs of Visa given their positions as officers and/or directors. (*See Ho* ECF No. 1 ¶¶ 195–251.) Many of the public statements challenged in the *Ho* Referred Action are also challenged in the *Cai* Action. (Compare *id.* ¶¶ 120–145, *with Cai* ECF No. 1 ¶¶ 22–43.)

The *Testani* Referred Action alleges breach of fiduciary duty against the director defendants, breach of fiduciary duty against the officer defendants, and violation of Section 14(a) of the Securities Exchange Act of 1934 against the director defendants. (*See Testani* ECF No. 1 ¶¶ 93–112.) Many of the public statements challenged in the *Testani* Referred Action are also challenged in the *Cai* Action. (Compare *id.* ¶¶ 51–52; 56; 60; 62 *with Cai* ECF No. 1 ¶¶ 22–31; 33.)

Given the overlap in parties and allegations, all actions raise similar legal, factual, and evidentiary issues. For example, all actions will likely require the Court to address, among other things, whether the plaintiffs adequately allege that certain statements were materially false and misleading when made, and whether those statements were made by defendants with an intent to defraud. If the cases survive motions to dismiss, there is likely to be substantial overlap in other legal and factual matters. As such, conducting these cases before different judges in this District would likely result in an unduly burdensome duplication of labor and expense for the parties involved in each action, as well as the Court, and could also create the potential for conflicting results.

2

Accordingly, Defendants respectfully submit this Statement of Support to Relate Cases pursuant to Local Civil Rule 3-12, subdivisions (c) and (e), and request that the Court find that the *Cai* Action is related to the Referred Actions.

DATED: March 20, 2025

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____

Mark R.S. Foster
*Attorney for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, and Peter Andreski*

3

STATEMENT OF SUPPORT TO RELATE CASES                    Case No. 5:24-cv-08220-NW