UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIBEI CAI,<br><br>         Plaintiff,<br><br>    v.<br><br>VISA INC., et al.,<br><br>         Defendants. | Case No. 24-cv-08220-NW<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: ECF No. 14 |

On January 21, 2025, Plaintiff Beibei Cai filed a motion to appoint lead plaintiff and lead counsel. ECF No. 14. The Court GRANTS the motion and APPOINTS Cai as Lead Plaintiff and APPROVES Cai's selection of the Rosen Law Firm, P.A. as Lead Counsel.

Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the hearing set for April 30, 2025.

## I.    BACKGROUND

Plaintiff Beibei Cai filed this securities class action on November 20, 2024, alleging two claims under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5. Compl. ¶¶ 4, 53-68, ECF No. 1 ("Compl."). The same day notice was published in *Business Wire* announcing the filing of "a class action lawsuit on behalf of purchasers of the securities of Visa, Inc. (NYSE: V) between November 16, 2023, and September 23, 2024." *See* Rosen Decl. ¶ 2, Ex. 1, ECF No. 15-1. On January 21, 2025, Cai moved to be appointed lead plaintiff and for the Rosen Law Firm, P.A. to be approved as lead counsel. Mot. to Appoint Lead Plaintiff and Lead Counsel, ECF No. 14 ("Mot."). No other plaintiff filed a motion to appoint lead counsel and the time for filing both a motion and opposition have passed. 15 U.S.C. §§ 77z-

1(a)(3)(A)(i)(II), 78u-4(a)(3) (A)(i)(II), and Civil L.R. 7-1.

## II. LEGAL STANDARD

### A. Lead Plaintiff

The PSLRA governs appointment of lead plaintiffs in all private securities class actions. *See* 15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3). The district court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). Among other things, the "most adequate plaintiff" is the person that "has either filed the complaint or made a motion in response to a notice." §§ 77z-1(a)(3)(B)(iii)(I); 78u-4(a)(3)(B)(iii)(I).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). At the first step, the pendency of the first-filed action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.* (internal quotation marks and citation omitted). The notice must advise that any putative class member may seek appointment as lead plaintiff. *See id.*

Second, the court must identify the presumptive lead plaintiff, that is, "the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (internal quotation marks and citation omitted). To determine which movant has the largest financial interest, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court then must determine whether the movant with the largest financial interest "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730. At this stage in the proceedings, only a "a prima facie showing of adequacy and typicality" need be made. *Mersho*, 6 F.4th at 899. If the plaintiff with the largest financial interest satisfies Rule 23(a), that plaintiff "becomes the presumptively most adequate plaintiff." *Id.* (internal quotation marks and citation omitted.)

"At step three, the process turns adversarial." *Mersho*, 6 F.4th at 899 (internal quotation

2

1  marks and citation omitted).  This third step "is to give other plaintiffs an opportunity to rebut the
2  presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy
3  requirements."  *Cavanaugh*, 306 F.3d at 730.  The presumption may be rebutted only upon proof
4  that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class"
5  or "is subject to unique defenses that render such plaintiff incapable of adequately representing the
6  class."  *Mersho*, 6 F.4th at 899.  "If the presumption is not rebutted, the presumptively most
7  adequate plaintiff must be selected as lead plaintiff."  *Id.*

### B. Lead Counsel

Under the PSLRA, the lead plaintiff has the right, subject to court approval, to select and retain counsel to represent the class.  *See Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009).  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."  *Id.* at 712.

## III. DISCUSSION

In evaluating the lead plaintiff motion brought by Plaintiff Cai, the Court follows the three-step process provided in the PSLRA and summarized in *Cavanaugh*.  In so doing, the Court finds Plaintiff Cai is the presumptive lead plaintiff.

At the first step, the Court confirms that the PSLRA's notice requirement was met.  A notice was published in *Business Wire* on November 20, 2024, announcing the filing of "a class action lawsuit on behalf of purchasers of the securities of Visa, Inc. (NYSE: V) between November 16, 2023, and September 23, 2024."  *See* Rosen Decl. ¶ 2, Ex. 1.  That notice contained all required information, including a description of the claims made and the proposed class period.  *See id.*  The notice advised that any putative class member could seek appointment as lead plaintiff.  *See id.*  In response, Cai filed a timely motion for appointment as lead plaintiff and lead counsel on January 21, 2025.  *See* Mot.

The Court next considers the "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."  *Cavanaugh*, 306 F.3d at 732.  The Court "must calculate each potential lead plaintiff's financial interest in the litigation" using a

1    method that is "both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4.  Here,

2    Cai suffered losses of approximately $86 in connection with the purchase of Visa securities.  Mot.

3    at 5; *see also* Rosen Decl. ¶ 2, Ex. 3, ECF No. 15-3 (Loss Chart).  Because there are no other

4    potential lead plaintiffs to evaluate, the Court finds Cai has suffered the largest financial loss of

5    approximately $86 in connection with the purchase of Visa securities.  Mot. at 5; *see also* Rosen

6    Decl. ¶ 2, Ex. 3.

7    Because Cai has the largest financial interest in the litigation, the Court "focus[es its]

8    attention on [those] plaintiff[s] and determine . . . whether [they] satisf[y] the requirements of Rule

9    23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730.  Here, Cai

10   has made a prima facie showing of typicality and adequacy.  The complaint alleges Cai's "claims

11   are typical of the claims of the members of the Class as all members of the Class are similarly

12   affected by Defendants' wrongful conduct in violation of federal law," that "[Cai] will fairly and

13   adequately protect the interests of the members of the Class," and that "Cai has no interests

14   antagonistic to or in conflict with those of the Class."  Compl. ¶¶ 46-47. Consequently, Cai is the

15   presumptive "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

16   In the third and final step, other plaintiffs may rebut the presumptive lead plaintiff's

17   showing that they satisfy Rule 23's typicality and adequacy requirements. *Cavanaugh*, 306 F.3d

18   at 730.  Competing movants must point to evidence of inadequacy. *In re Mersho*, 6 F.4th 891, 901

19   (9th Cir. 2021).  Here, because there are no competing movants, the presumption stands, and Cai

20   is appointed as lead plaintiff in this action.

21   Under the PSLRA, the Court will also appoint lead counsel. 15 U.S.C. § 78u4(a)(3)(B)(v).

22   "While the appointment of counsel is made subject to the approval of the court, the [PLSRA]

23   clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d

24   at 734 (citations omitted).  Cai has selected the Rosen Law Firm, P.A. to act as lead counsel.  The

25   Court reviewed the firm's resume, Rosen Decl. ¶ 2, Ex. 4, ECF No. 15-4, and finds Cai made a

26   reasonable choice of counsel.  The Court APPROVES of Cai's selection of the Rosen Law Firm,

27   P.A. as lead counsel.

28

## IV. CONCLUSION

Cai's motion for appointment as lead plaintiff is GRANTED and Cai is APPOINTED as Lead Plaintiff in this case. The Rosen Law Firm, P.A. is APPOINTED as Lead Counsel.

The Court will hold a case management conference on Tuesday, July 15, 2025, at 9:00 a.m. via Zoom. The parties must file an updated joint case management conference statement no later than Tuesday, July 1, 2025.

**IT IS SO ORDERED.**

Dated: April 23, 2025

Noël Wise
United States District Judge