MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Defendants Visa Inc., Ryan McInerney,*
*Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,*
*Peter Andreski, Oliver Jenkyn, and Jack Forestell*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>VISA INC, RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL,<br><br>            Defendants. | Case No. 5:24-cv-08220-NW<br><br>**(1) DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**<br><br>**(3) DECLARATION OF MARK R.S. FOSTER AND EXHIBIT;**<br><br>**(4) [PROPOSED] ORDER**<br><br>Date:    December 17, 2025<br>Time:    9:00 a.m.<br>Court:   Courtroom 3, 5th Floor<br>Judge:   Hon. Noël Wise |

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 17, 2025, at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants Visa Inc., Ryan McInerney, Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr., Peter Andreski, Oliver Jenkyn, and Jack Forestell will and hereby do move to strike the following paragraphs of Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws ("AC"): paragraphs 15, 20, 60-62, 66, 79-104, 109-123, 189-92. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities submitted concurrently herewith, the accompanying declaration, and such other argument and materials as may be presented before this motion is taken under submission.

**INTRODUCTION**

Courts in the Ninth Circuit strike allegations in securities fraud complaints that are copied from other complaints without independent corroboration. *See In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008). Here, Plaintiffs repeatedly and improperly rely on allegations taken from the Department of Justice's ("DOJ") antitrust complaint against Visa (the "DOJ Complaint")[1]; AC ¶¶ 15, 20, 60-62, 66, 79-104, 109-123, 189-92. Paragraphs 15, 20, 79-80, 82, 85-91, 93-95, 97-100, 102-04, 109-10, 112, 117-19, 121-23, 189, 191-92 of the AC are prefaced with iterations of "the DOJ found," "the DOJ Complaint quotes," or "the DOJ stated." While they do not contain a similar preface, paragraphs 60-62, 66, 81, 83-84, 92, 96, 101, 111, 113, 114-116, 120, 190 repeat the allegations of the DOJ Complaint. *Compare* AC ¶¶ 60-62, 66, 81, 83-84, 92, 96, 101, 111, 113, 114-115, 116, 120, 190 with DOJ Complaint ¶¶ 49-50, 56, 102, 78-79, 88, 89, 94, 121, 122, 123-24, 126-27, 132, 98, respectively. Plaintiffs' reliance on these unproven and uncorroborated allegations is improper. *Connetics*, 542 F. Supp. 2d at 1005. Accordingly, all portions of the AC that merely repeat, repackage, or incorporate the DOJ Complaint should be stricken.

**I.   THE COURT CAN STRIKE ALLEGATIONS THAT ARE NOT INDEPENDENTLY CORROBORATED**

The Private Securities Litigation Reform Act mandates that a "complaint shall identify each statement alleged to have been misleading, the reason or reasons why the statement is misleading," and, if an allegation regarding the statement or omission is made "on information and belief," the complaint shall "state with particularity all facts on which that belief is formed." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 973, 996, 998 (9th Cir. 1999) (quoting 15 U.S.C. § 78u-4(b)(1)(B)).

Here, as the Complaint's first paragraph alleges, Plaintiffs' claims are made on information and belief. Yet, Plaintiffs have not alleged facts showing that all of the allegations from the DOJ

---

[1] A copy of the DOJ Complaint is attached as Exhibit A to the Foster Declaration in support of this Motion to Strike.

1  Complaint were independently corroborated. For the reasons discussed below, the Court should
2  strike those allegations.

3  Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to "strike from a
4  pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
5  Applying Rule 12(f), courts strike allegations that are copied from complaints in other actions where
6  the plaintiff has not conducted its own independent investigation or otherwise corroborated the
7  allegations made on information and belief.  See *Connetics*, 542 F. Supp. 2d at 1005.

8  In *Connetics* plaintiffs sought to support their insider trading claims against the individual
9  defendants by incorporating allegations from an SEC complaint. *Id.* at 1004.  The defendants moved
10 to strike these allegations "because lifting allegations from an SEC complaint does not constitute the
11 reasonable investigation required by Federal Rule of Civil Procedure 11." *Id.*  The Court agreed that
12 "an attorney has a nondelegable responsibility to personally . . . validate the truth and legal
13 reasonableness of the papers filed, and to conduct a reasonable factual investigation. . . . [I]t would
14 make little sense that an attorney somehow can rely on the analysis of attorneys in different actions
15 and who are presumably from different law firms." 542 F. Supp. 2d at 1005 (emphasis omitted)
16 (internal ).  Accordingly, the Court granted the motion to strike, concluding that "as to the particular
17 paragraphs that defendants ask the Court to strike, there apparently were no 'investigative efforts' to
18 combine with plaintiffs' reliance on the SEC complaint." *Connetics* 542 F. Supp. 2d at 1005.

19 Courts follow *Connetics* in striking allegations that are not independently corroborated.  For
20 example, the court in *Attia* held that "Plaintiffs may not simply regurgitate other parties' pleadings."
21 2018 WL 2971049, at *15 (N.D. Cal. June 13, 2018).  Similarly, the court in *Plumbers & Pipefitters*
22 *Loc. Union #295 Pension Fund v. CareDx, Inc.* also struck allegations copied from another complaint
23 when the plaintiff failed to corroborate with independent investigation.  2023 WL 4418886, at *5
24 (N.D. Cal. May 24, 2023).

25 **II.  THE COURT SHOULD STRIKE THE ALLEGATIONS THAT PLAINTIFFS
26      COPIED FROM THE DOJ COMPLAINT**

27 Allegations contained in paragraphs 15, 20, 60-62, 66, 79-104, 109-123, 189-92 of the AC
28 are derived from the DOJ Complaint and should be stricken because Plaintiffs have not alleged that

2

he conducted an independent investigation of the DOJ's allegations. *Connetics*, 542 F. Supp. 2d at 1005. For example, Plaintiffs state that the DOJ Complaint is "hereby incorporated by reference into this Amended Complaint" (see AC ¶ 78), and thereafter recites the allegations from the DOJ Complaint regarding Visa's alleged conduct, contract terms, and business practices (*see, e.g.*, AC ¶¶ 79-104, 109-23, 189-92).

Plaintiffs' copying and paraphrasing allegations in the DOJ Complaint, without any indication of independent investigation or corroboration, also violates the requirements of Rule 11. As the court in *Connetics* explained, "Plaintiffs make no effort to inform the Court what other sources of information besides the [government] complaint and press release they relied on in formulating their specific claims against defendants … [n]or does the complaint itself indicate that any other sources were used as to these specific claims." 542 F. Supp. 2d at 1005. Here, Plaintiffs' AC does not identify any independent sources or investigation supporting the DOJ Complaint-derived allegations.

The handful of allegations attributed to Former Employee 1 ("FE-1") does not independently corroborate the DOJ Complaint (AC ¶¶ 105-08). At most, FE-1 states uncontroversial points like Visa used standard contract templates that included incentive structures, Cliff Pricing, and provisions allowing Visa to claw-back incentives if usage targets were not met, and that contract approval required escalating levels of management sign-off depending on the contract's value. (*Id.*) Nothing attributed to FE-1 corroborates the DOJ's allegations of wrongdoing that flow from Visa's alleged commercial terms and practices. Given the lack of any independent corroboration, this Court should strike the allegations derived from the DOJ Complaint.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike all allegations in Plaintiffs' AC that are derived from or based solely on the DOJ Complaint, including, but not limited to, those identified in Paragraphs 15, 20, 60-62, 66, 79-104, 109-123, 189-92, and any other paragraphs that incorporate or rely on the DOJ Complaint.

| | | |
|---|---|---|
| 1 | DATED: September 12, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 4 | | By: _____/s/ Mark R.S. Foster_____ |
| 5 | | *Attorneys for Defendants*<br>Visa Inc., Ryan McInerney, |
| 6 | | Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,<br>Peter Andreski, Oliver Jenkyn, and Jack Forestell |

4