Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC, RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL,<br><br>Defendants. | Case No. 5:24-cv-08220-NW<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF AMENDED CLASS ACTION COMPLAINT**<br><br>JUDGE:   Hon. Noël Wise<br>DATE:    December 17, 2025<br>TIME:    9 a.m.<br>CTRM:    Courtroom 3, 5th Floor |

**INTRODUCTION**

Perhaps recognizing that the U.S. Department of Justice's (the "**DOJ**") findings – memorialized as allegations in the complaint DOJ filed against Visa (the "**DOJ Complaint**") following more than three years of investigating Visa – are fatal to their motion to dismiss, Defendants argue that the Court should strike all of Plaintiff's allegations based on the DOJ Complaint under Rule 12(f). *See* Motion to Strike ("Mot."), ECF No. 46. Defendants' argument is meritless. The overwhelming weight of authority, in the Ninth Circuit and elsewhere, holds that a securities plaintiff may properly rely on facts and findings recounted in a complaint filed by a government agency bringing an enforcement action following an investigation. In fact, not only are the allegations drawn from the DOJ's Complaint proper but — given the DOJ's unmatched resources and credibility — they are the gold standard, especially in securities litigation where plaintiffs lack the tools of civil discovery at the pleading stage. Defendants' contention that these particularly credible allegations should be stricken makes absolutely no sense, which explains why arguments like this have been rejected time and time again. Defendants' motion to strike is baseless. It should be denied.

**ARGUMENT**

**I.    THE COURT SHOULD NOT STRIKE ANY OF PLAINTIFF'S ALLEGATIONS**

**A.  Legal Standard**

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. 12(f).

The Ninth Circuit interprets the Rule by applying its "plain meaning," and requires that the allegations sought to be stricken fall into one of the five categories that the Rule enumerates. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Accordingly, Defendants' attempts to use Rule 12(f) as a means of striking allegations based on a perceived violation of Rule 11's requirement that all pleadings be "formed after an inquiry reasonable under the circumstances" and that "the factual contentions… will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" are improper under Ninth Circuit law. *See Aesthetic Eye Assocs., P.S. v. Alderwood Surgical Ctr., LLC*, 2023 WL 8828690, at *2

- 1 -

(W.D. Wash. Dec. 21, 2023) (synthesizing Ninth Circuit law on this point). In fact, these motions have recently been chastised as misguided attempts to fit square pegs in round holes. *See id*. at 3. Not only is a motion to strike limited to the five enumerated categories, but "[a] motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citation omitted).

**B. Plaintiff's Allegations are Proper, Credible and the Type that Courts Credit in Securities Litigation All the Time**

Not only is Defendants' Rule 12(f) motion plainly deficient because it does not even try to argue that the Plaintiff's allegations are covered by the text of the Rule, but there is a multitude of cases holding that a plaintiff may rely on facts derived from U.S. Securities and Exchange Commission (the "**SEC**"), Attorney General ("**AG**") or other regulatory complaints and filings in other proceedings when the documents are credible, including binding cases from the Ninth Circuit. *See, e.g., In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 706-707 (9th Cir. 2012) (relying on SEC complaint incorporated into lead plaintiff's complaint); *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 462-463, 467-468 (9th Cir. 2023) (relying on unadjudicated SEC Order instituting cease-and-desist proceedings following a years-long investigation); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019) (rejecting the same Rule 12(f) argument Defendants make here and finding that plaintiffs may rely on allegations of AG Complaint, noting that "[b]ecause the Ninth Circuit has relied on comparable documents when deciding motions to dismiss Section 10(b) and antitrust claims, the Court holds it is appropriate to do so here").

The overwhelming majority of authority outside of the Ninth Circuit has come out the same way. *See In re Teva Secs. Litig.*, 2023 WL 3186407, at *26 (D. Conn. May 1, 2023) (holding securities fraud plaintiffs could rely on "State Attorneys General's allegations"); *Major Energy Elec. Servs., LLC v. Horowitz*, 2020 WL 4432121, at *6-*8 (S.D.N.Y. July 31, 2020) (same as to Illinois AG's complaint); *In re Mylan N.V. Sec. Litig.*, 379 F. Supp. 3d 198, 215 (S.D.N.Y. 2019) (same as to NYAG complaint); *Utesch v. Lannett Co., Inc.*, 385 F. Supp. 3d 408, 419 n.7 (E.D.

- 2 -

Penn. 2019) (same as to "State AG complaint"); *Strougo v. Barclays PLC*, 105 F. Supp. 3d 330, 343 (S.D.N.Y. 2015) (same as to NYAG's complaint).[1]

The reasoning behind this rule – which in truth is not so much a rule as a straightforward application of the uncontroversial principle that, on a motion to dismiss, courts consider witnesses and documents when they are "reliable," *see, e.g., In re New Century,* 588 F. Supp. 2d 1206, 1221 (C.D. Cal. 2008) (relying on allegations drawn from a Bankruptcy Examiner's Report); *In re Banc of California Sec. Litig.*, 2017 WL 3972456, at *7 (C.D. Cal. Sept. 6, 2017) (relying on short seller report) – is simple: "'It makes little sense to say that information . . . which [the complaint] could unquestionably rely on if it were mentioned in a news clipping . . . is immaterial simply because it is conveyed in an unadjudicated complaint.'" *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 414 (S.D.N.Y. 2020) (citation omitted).

In fact, this point of law was adopted by the Second Circuit as recently as October 6, 2025. *Sherman v. Abengoa, S.A.*, 2025 WL 2825369, at *8 (2d Cir. Oct. 6, 2025). Reversing the district court's dismissal of a securities complaint, the court held that the district court erred by disregarding, at the pleading stage, allegations taken from Spanish criminal proceedings. *Id*. The court explained that the Spanish court's ruling did not merely consist of conclusory assertions but rather was based on an auditing firm's expert report, the Spanish financial accounting regulator's resolution of its investigation, and a forensic report from two financial-consulting firms, each of which "the [complaint] could unquestionably rely on if it were mentioned in a news clipping or public testimony." *Id*. (citation omitted). In other words, the Second Circuit held plaintiffs could rely on allegations drawn from another proceeding because the allegations – which, like here, consisted of regulatory findings – were credible. *See id.* Another court put it more bluntly:

---

[1] Not surprisingly, a long list of cases have found that plaintiffs can rely on allegations drawn from SEC complaints in pleading securities fraud. *See, e.g., Vanleeuween v. Kenyuan Petrochemicals, Inc.*, 2014 WL 3891351, at *4 (S.D.N.Y. Aug. 8, 2014) ("Plaintiffs appropriately relied on the SEC complaint in pleading . . . a claim under Section 10(b)."); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012) ("'[T]here is nothing improper about utilizing information contained in an SEC complaint as evidence to support private claims under the PSLRA.'"); *Haw. Ironworkers Annuity Tr. Fund v. Cole*, 2011 WL 1257756, at *11 (N.D. Ohio Mar. 31, 2011) (plaintiff could rely on SEC complaint in pleading scienter); *Dau v. Cephalon Inc.*, 2000 WL 1469308, at *1 (E.D. Pa. Sept. 25, 2000) (securities fraud action could base allegations on SEC complaint).

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE    CASE NO. 5:24-cv-08220-NW

> [T]here is nothing improper about utilizing information from the SEC as evidence to support private claims. Indeed, as plaintiff notes "it would have been irresponsible for plaintiff to have ignored the SEC's highly relevant allegations and findings." The striking similarity between the SEC's allegations and plaintiff's allegations does not demonstrate that plaintiff lacked evidentiary support. Rather, the SEC allegations provided plaintiff with evidentiary support. The PSLRA does not require that a plaintiff re-invent the wheel before filing a complaint; and one could argue that a complaint predicated on the results of an SEC investigation has far more "evidentiary support" than one based on rumor and innuendo gleaned from "Heard on the Street."

*de la Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003) (citations omitted).

Here, Plaintiff has relied on the factual allegations memorialized in the DOJ's detailed Complaint, which the DOJ filed after more than three years of investigation into Visa's debit practices. *See* ¶¶76-78.[2] Like in the *DCI Telecommunications* case, Plaintiff has relied on that which would be "irresponsible to ignore," *see DCI Telecommunications*, 359 F. Supp. 2d at 260, as it is hard to imagine a source with greater indicia of credibility, which Plaintiff has pleaded in the Complaint. *See, e.g.*, ¶¶77 (New York Times reported that DOJ had "conducted hundreds of interviews with parties, including retailers, grocery stores and banks" and "[i]nvestigators looked at the negotiations, contracts and ways in which the penalties were structured"). Plaintiff's allegations are especially credible here because, as discussed in the Opposition to the Motion to Dismiss, Plaintiff is relying on the DOJ's *factual allegations* regarding the true nature of Visa's debit practices to demonstrate that Defendants' Class Period statements were false or misleading; Plaintiff is not parroting the DOJ's ultimate legal conclusion regarding the Sherman Act. *See, e.g., Hanson v. Frazer, LLP*, 2015 WL 4561707, at *3 (S.D.N.Y. July 17, 2015) ("allegations in an SEC complaint are the product of a government investigation and therefore arguably carry a presumption that they are the product of serious factual inquiry").

In the face of this mountain of case law, Defendants rely on one nearly 20-year old district court case, *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008), and make the general statement that "[c]ourts follow *Connetics* in striking allegations that are not

---

[2] Citations to ¶_" are to the Amended Complaint ("Complaint," ECF No. 38).

- 4 -

independently corroborated." Mot. at 2. Defendants cite two cases where courts decided to strike allegations in pleadings that were drawn from other proceedings, neither of which involved allegations drawn from a government investigation or any kind of investigation at all. *See, e.g., Attia v. Google LLC*, 2018 WL 2971049, at *14 (N.D. Cal. June 13, 2018) (striking pleading of predicate acts in RICO case based on nothing more than the fact that six other plaintiffs, represented by different attorneys, had sued Google for stealing their trade secrets); *Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *4 (N.D. Cal. May 24, 2023) (complaint attempted to rely on lawsuit filed by disgruntled former employee).

Moreover, to the extent the *Connetics* case expressed concern that plaintiffs conduct their own reasonable investigation, Plaintiff has done so. While Plaintiff could have relied on the DOJ's Complaint and press coverage of the DOJ's years-long investigation into Visa's debit practices, Plaintiff nonetheless launched an independent investigation and located a former employee who corroborated key allegations about the ways in which Visa structures its contracts. ¶¶105-08. That Defendants do not agree that the former employee's testimony corroborates the DOJ's "allegations of wrongdoing" misses the point, as Plaintiff is relying on the factual allegations contained in the DOJ's Complaint, not the DOJ's legal conclusions concerning the antitrust laws.

Finally, Visa has now filed an answer in the DOJ action in which it, for example, has admitted that quotations of internal correspondence reproduced in the DOJ's Complaint are accurate, but complains that the quotations do not "convey the full content and context of the conversation." *See United States of America v. Visa Inc.*, 1:24-CV-07214, ECF No. 109, Amended Answer, ¶¶5, 55, 65, 67, 72, 84, 86, 91, 106, 108, 112, 121, 129, 132, 135, 137 (S.D.N.Y. Aug. 22, 2025), attached as Exhibit 1 to the Declaration of Brian B. Alexander in Support of the Plaintiff's Opposition to Defendants' Motion to Strike. Visa's own filing provides yet more indicia of reliability to Plaintiff's factual allegations, which are entitled to be credited – and certainly not stricken – at the pleading stage.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Strike Portions of the Amended Class Action Complaint should be denied.

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE        CASE NO. 5:24-cv-08220-NW

DATED: October 10, 2025 **THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

By: /s/ *Brian B. Alexander*
Brian B. Alexander, Esq. (*pro hac vice*)
Michael Cohen (*pro hac vice* forthcoming)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: balexander@rosenlegal.com
         mcohen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

- 6 -

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE    CASE NO. 5:24-cv-08220-NW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 10, 2025                                  /s/ *Brian B. Alexander*
                                                                              Brian B. Alexander

- 7 -

CERTIFICATE OF SERVICE                                    CASE NO. 5:24-cv-08220-NW