Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VISA INC, RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL,<br><br>    Defendants. | Case No. 5:24-cv-08220-NW<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>JUDGE:  Hon. Noël Wise<br>DATE:  December 17, 2025<br>TIME:  9 a.m.<br>CTRM:  Courtroom 3, 5th Floor |

## I.    INTRODUCTION

Defendants' Request for Judicial Notice (ECF No. 47 or "RJN") of six analyst reports[1] should be denied. While a court may notice an analyst report for the purpose of showing what was known to the market in a securities case, Defendants are seeking judicial notice of analyst reports that "questioned the viability of the DOJ's claims" as a means of disputing the allegations in Plaintiff's Complaint. Accordingly, Defendants' Request for Judicial Notice violates controlling Ninth Circuit law, and should be denied.

## II.    DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED

### A.    Legal Standard

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee v. Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

An exception to this rule is judicial notice under Federal Rule of Evidence 201, pursuant to which "'[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.' But a court cannot take judicial notice of disputed facts contained in such public records." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal citation omitted). Thus, while courts in the Ninth Circuit may notice analyst reports in securities cases when the date and contents of the reports demonstrate that a fact was known to the market, courts cannot take notice of disputed facts or conclusions contained therein. *See In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("While the Court may take judicial record of matters of public record, '[s]uch documents as analyst reports, however, ***may only be considered when they are submitted to establish 'whether and when certain information was provided to the market' not the truth of the matters asserted in the reports***'") (emphasis added) (citation omitted); *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (declining to take

---

[1]    These analyst reports are attached as Exhibits 2-7 to the Foster Declaration ("Foster Dec."). ECF No. 45-1. Defendants also seek to notice Visa's stock price data, which Plaintiff does not oppose. *See* Foster Dec., Ex. 1.

PARTIAL OPPOSITION TO DEFENDANTS' RJN                    CASE NO. 5:24-cv-08220-NW

judicial notice of analyst report because "Defendants offer it to contradict Plaintiffs' allegations"); *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at *4 (N.D. Cal. Feb. 20, 2024) ("Because [the analyst reports] are not specifically referenced in the complaint or relevant to the Court's analysis because they are offered to dispute the CAC's well-pled allegations, Defendants' request as to those exhibits is DENIED.").

The Ninth Circuit has identified a "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 899. As the Court of Appeals explained:

> Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id.*

**B. Defendants' Request for Judicial Notice is Improper and Contrary to Binding Ninth Circuit Law**

Defendants improperly ask this Court to take judicial notice of six analyst reports, relying on caselaw finding that courts may take judicial notice of analyst reports in securities cases to show what information was known to investors. *See* RJN at 3. But Defendants are not attempting to use the analyst reports to demonstrate what had been disclosed to the public. Rather, Defendants are seeking to use these analyst reports to dispute Plaintiff's allegations. This is improper. *See Khoja*, 899 F.3d at 899; *Nvidia Corp.*, 2020 WL 1244936, at *6; *Berkeley Lights, Inc.*, 2024 WL 695699, at *4; *Energy Recovery*, 2016 WL 324150, at *3.

The impropriety of Defendants' request is clear from their Motion to Dismiss, where Defendants cite these analyst reports to make the point that the authors of the reports "questioned the viability of the DOJ's claims." *See* ECF No. 45 (or "MTD") 12-13. As an initial matter, Defendants' premise is misguided. What these analysts think of the DOJ's chances of succeeding

PARTIAL OPPOSITION TO DEFENDANTS' RJN                    CASE NO. 5:24-cv-08220-NW

in its antitrust lawsuit does not defeat Plaintiff's theory of loss causation, as it is irrelevant. *See* Pl.'s Opp. to MTD 23-24. More importantly for the purposes of Defendants' Request of Judicial Notice, though, Defendants are attempting to use these analyst reports to raise a factual dispute concerning the merits of Plaintiff's allegations—that the DOJ's detailed Complaint exposing Visa's use of Cliff Pricing and related measures revealed that Visa's Class Period statements were false or misleading and led to a decline in Visa's stock price. Viewed in this context, TD Cowen's view, for instance, that "we do not view this as a slam dunk for the Justice Department…", MTD 12, is both irrelevant to Plaintiff's theory of the case and an improper subject of judicial notice under *Khoja,* as it is simply an attempt to dispute Plaintiff's allegations at the pleading stage. *Khoja*, 899 F.3d at 899.

<strong><u>CONCLUSION</u></strong>

Defendants' Request for Judicial Notice of the analyst reports should be denied.

DATED: October 10, 2025                    **THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

By: /s/ *Brian B. Alexander*
Brian B. Alexander, Esq. (*pro hac vice*)
Michael Cohen (*pro hac vice* forthcoming)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: balexander@rosenlegal.com
          mcohen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

PARTIAL OPPOSITION TO DEFENDANTS' RJN                    CASE NO. 5:24-cv-08220-NW

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 10, 2025                    /s/ *Brian B. Alexander*
                                                         Brian B. Alexander

CERTIFICATE OF SERVICE                              CASE NO. 5:24-cv-08220-NW