MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,*
*Peter Andreski, Oliver Jenkyn, and Jack Forestell*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC, RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL,<br><br>Defendants. | Case No. 5:24-cv-08220-NW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO STRIKE PORTIONS OF THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>Date:        December 17, 2025<br>Time:        9:00 a.m.<br>Court:       Courtroom 3, 5th Floor<br>Judge:       Hon. Noël Wise |

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Aesthetic Eye Associates, P.S v. Alderwood Surgical Ctr., LLC,*
2023 WL 8828690 (W.D. Wash. Dec. 21, 2023) ............................................................2, 6

*Amorosa v. General Elec. Co.,*
2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022)....................................................................4

*In re Apollo Group, Inc. Sec. Litigation,*
2011 WL 5101787 (D. Ariz. Oct. 27, 2011)........................................................................2

*Attia v. Google,*
2018 WL 2971049 (N.D. Cal. June 13, 2018) ....................................................................2

*In re Banc of Cal. Sec. Litigation,*
2017 WL 3972456 (C.D. Cal. Sept. 6, 2017)......................................................................3

*City of Omaha Police & Retirement Sys. v. Evoqua Water Tecs. Corp.,*
450 F. Supp. 3d 379 (S.D.N.Y. 2020) ................................................................................4

*City of Sunrise Firefighters' Pension Fund v Oracle Corp.,*
2019 WL 6877195 (N.D. Cal. Dec. 17, 2019)....................................................................5

*In re Connetics Corp. Sec. Litigation,*
542 F. Supp. 2d 996 (N.D. Cal. 2008) ....................................................................1, 2, 4, 6

*de la Fuente v. DCI Telecommunications, Inc.,*
259 F. Supp. 2d 250 (S.D.N.Y. 2003) ................................................................................4

*Evanston Police Pension Fund v. McKesson Corp,*
411 F. Supp. 3d 580 (N.D. Cal. 2019)................................................................................3

*In re Mylan N.V. Sec. Litigation,*
379 F. Supp. 3d 198 (S.D.N.Y. 2019) ................................................................................4

*In re New Century,*
588 F. Supp. 2d 1206 (C.D. Cal. 2008)..............................................................................3

*Nguyen v. Endologix, Inc.,*
962 F.3d 405 (9th Cir. 2020)..............................................................................................5

*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc.,*
2023 WL 4418886 (N.D. Cal. May 24, 2023) ....................................................................2

i

*Sherman v. Abengoa SA.*,
    2025 WL 2825369 (2d Cir. Oct. 6, 2025) ...........................................................................3, 6

*Strougo v. Barclays PLC*,
    105 F. Supp. 3d 330 (S.D.N.Y. 2015) ...............................................................................3

*In re Teva Sec. Litigation*,
    671 F. Supp. 3d 147 (D. Conn. May 1, 2023) ..................................................................4

*In Utesch v. Lannett Co., Inc.*,
    385 F. Supp. 3d 408 (E.D. Penn. 2019) ...........................................................................4

*In re VeriFone Holdings, Inc. Sec. Litigation*,
    704 F.3d 694 (9th Cir. 2012)............................................................................................2

*Whittlestone, Inc v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010).........................................................................................5, 6

*York County on Behalf of Cnty of York Retirement Fund v. HP, Inc*,
    65 F.4th. 459 (9th Cir. 2023)...........................................................................................3

*Zucco Partner v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009).............................................................................................5

DEFENDANTS' REPLY ISO MOTION TO STRIKE          Case No. 5:24-cv-08220-NW

**INTRODUCTION**

Plaintiffs' Opposition does not get around the simple argument that Defendants' Motion to Strike made: following *Connetics*, courts strike allegations copied from other complaints that are not independently corroborated.  That rule warrants this Court striking the uncorroborated allegations that Plaintiffs lifted from the DOJ Complaint.

The Opposition dodges *Connetics* by citing nearly two dozen inapposite cases—most are from out of circuit, most required or had independent corroboration of copied allegations, and many did not consider the issue presented here.  When Plaintiffs finally address *Connetics* at their Opposition's end, their lead argument is to call the decision "old," as if that is a bad thing and ignore that courts still follow its sound reasoning in the unusual cases, like this one, where plaintiffs parrot allegations from another complaint without independently corroborating them.

As a last ditch effort, the Opposition says in a sentence that Former Employee 1 ("FE1") corroborates their allegations.  If that were true, that would be their lead argument, they would show how, and that would end the matter.  But it is obvious that FE1 does no such thing, which is why Plaintiffs do not try to show how FE1 does that.  FE1 left Visa three months into the 19-month class period, and is thus not a reliable source for what happened during the class period, as courts routinely hold.  Further, FE1 merely offers generic or uncontroversial descriptions of Visa's contracting practices.  The handful of paragraphs attributed to FE1 do not corroborate the dozens of paragraphs from the DOJ Complaint that Plaintiffs copy here.  That is fatal.  The Court should, therefore, grant Defendants' Motion to Strike.

**I.  THE COURT SHOULD STRIKE PLAINTIFFS' ALLEGATIONS THAT ARE NOT INDEPENDENTLY CORROBORATED**

**A.  Plaintiffs Must Independently Corroborate Copied Allegations.**

As established in *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008), plaintiffs must independently corroborate allegations drawn from other complaints before relying on them in a securities fraud action.  The rationale is simple: Rule 11 imposes a nondelegable duty on counsel to personally validate the truth and legal reasonableness of the allegations

1

advanced. *Id.* at 1005-06. Blindly copying from another complaint, without any independent investigation, falls far short of this standard. *See id.*

Plaintiffs dodge *Connetics* until the Opposition's end. Their lead response to the case is to say that *Connetics* is a "nearly 20-year old" case (Opp. 4:25), as if that is relevant, particularly when courts in this district and others follow it, even as recently as two years ago. (MTS 1-2) (citing *Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *5 (N.D. Cal. May 24, 2023) and *Attia v. Google*, 2018 WL 2971049, at *15 (N.D. Cal. June 13, 2018)); *see also In re Apollo Grp., Inc. Sec. Litig.*, 2011 WL 5101787, at *10 n.5 (D. Ariz. Oct. 27, 2011) (following *Connetics*).

The Opposition then tries to distinguish the cases by saying the copied allegations from those cases did not come from the "government," as if allegations asserted by the Department of Justice are some type of "gold standard." (Opp. 1:11) No court in this circuit has endorsed that novel and dangerous proposition. What mattered in the cases following *Connetics*, as here, was the failure to independently corroborate the copied allegations, not the source of those allegations.

The cases that Plaintiffs cite do not excuse them from their obligation to independently corroborate the DOJ's allegations. Nor do they endorse some "gold standard" for DOJ complaints. In Plaintiffs' lead case *Aesthetic Eye Assocs.*, *P.S v. Alderwood Surgical Ctr., LLC*, 2023 WL 8828690, at *3 (W.D. Wash. Dec. 21, 2023) (Opp. 1-2), the court explained that, unlike here, "[t]his is not a case where Plaintiff simply rode on the coattails of a state investigation and parroted the AG's complaint." The court pointed out that the plaintiff before it had "initiated this action….several months before the AG's complaint was filed," and "used some facts from the AG complaint to supplement and provide context and support for its own allegations." *Id.* Here, by contrast, Plaintiffs commenced this litigation after the DOJ Complaint was filed and merely parrot the DOJ Complaint.

The other cases from within this Circuit do not help Plaintiffs—they were either not presented with a motion to strike or the question of whether independent corroboration was required. In *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 704–07 (9th Cir. 2012), the Ninth Circuit considered allegations drawn from a complaint filed by the SEC where the plaintiffs also included additional support in their complaint: internal emails, SEC interview transcripts, and auditor findings,

2

among other things.  The Ninth Circuit also did not even consider the issue presented here in *York Cnty. on Behalf of Cnty of York Retirement Fund v. HP, Inc*, 65 F.4th. 459, 467-68 (9th Cir. 2023).  Rather, the court there looked to a SEC order to determine when the plaintiffs were put on notice of their claims for purposes of a statute of limitations analysis.  That case is completely inapposite.

In *In re New Century*, 588 F. Supp. 2d 1206, 1221 (C.D. Cal. 2008), a motion to strike was not presented to the court.  The court considered allegations drawn from the examiner's report because they were "derived from documentary evidence" and because the examiner had a statutory obligation to conduct a disinterested investigation.  This may be why Plaintiffs say that the DOJ Complaint's allegations are "regulatory findings," (Opp. 3:22), but that is an obvious and wishful distortion of what the DOJ Complaint is—it is a pleading.

*In re Banc of Cal. Sec. Litig.*, 2017 WL 3972456, at \*7 (C.D. Cal. Sept. 6, 2017), is inapposite, and cited for the notion that courts can consider short-seller reports when ruling on falsity allegations.  That was one of many things the court considered there.

The only in-circuit case that the Opposition cites squarely denying a motion to strike allegations from another complaint did not analyze the issue of independent corroboration.  *See Evanston Police Pension Fund v. McKesson Corp*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019).  And, in any case, there was corroboration because the complaint that was copied was one of many corroborating sources.  *See id.* at 600-601.

With in-circuit authority going against them, Plaintiffs run out of circuit, but face the same problem.  Their own cases had or required independent corroboration of copied allegations.  In the Second Circuit's decision, *Sherman v. Abengoa SA.*, 2025 WL 2825369, at \*8 (2d Cir. Oct. 6, 2025) (Opp. 3:13), the court allowed plaintiffs to rely on a ruling from the Spanish National Court and pointed out that the plaintiffs' allegations were "independently corroborated, and the product of an independent investigation," that was bolstered by confidential witnesses whose allegations were "collaborated by the allegations of other confidential witnesses," forensic reports, and an auditing firm's expert report.  *Sherman* recognized that in *Strougo v. Barclays PLC*, 105 F. Supp. 3d 330, 343 (S.D.N.Y. 2015), the court permitted plaintiffs to "borrow allegations from the [New York Attorney

DEFENDANTS' REPLY ISO MOTION TO STRIKE                    Case No. 5:24-cv-08220-NW

General]'s complaint" because "counsel for plaintiffs have indicated that they have reached out to attorneys at the NYAG to verify the allegations." *Id.*

In *de la Fuente v. DCI Telecomms., Inc.,* 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003), the court allowed reliance on SEC allegations only after plaintiff's counsel "conducted a comprehensive factual investigation" and submitted "two affidavits, attached as exhibits," to support the claims. In *In re Mylan N.V. Sec. Litig.*, 379 F. Supp. 3d 198, 215 (S.D.N.Y. 2019), the allegations "originate from the State AG action" and "were verified by Plaintiff's counsel in this case."

In *City of Omaha Police & Ret. Sys. v. Evoqua Water Tecs. Corp.*, 450 F. Supp. 3d 379, 414, 415 (S.D.N.Y. 2020), the court considered allegations from confidential witnesses in another case that were corroborative of allegations in the case before it.

In *Utesch v. Lannett Co., Inc.*, 385 F. Supp. 3d 408, 419 n.7 (E.D. Penn. 2019), the plaintiffs did not "'merely . . . Xerox[]' the State AG complaint," but used it to "provide additional information surrounding plaintiffs' core allegations." (Alterations in original, citation omitted.)

In *In re Teva Sec. Litig.,* 671 F. Supp. 3d 147, 192 (D. Conn. May 1, 2023), the court observed that plaintiffs had "done more than just parrot allegations" from another complaint and distinguished the case before it from another case that was dismissed on this ground because the plaintiffs there had "'copied almost verbatim from the operative complaint" in another case and "verified none of what he copied." *Id.* (quoting *Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022).)

That is all Plaintiffs have done here. They have done no more than "parrot allegations" from the DOJ Complaint. This is fatal under *Connetics*, the cases following it, and even Plaintiffs' own out-of-circuit authorities.

**B.    Plaintiffs Have Failed to Independently Corroborate The DOJ's Allegations.**

Unable to avoid the law requiring independent corroboration, Plaintiffs insist at the Opposition's end that they have corroborated their allegations. (Opp. 5:9.) All Plaintiffs say on the point is that "a former employee who corroborated key allegations" meets their obligation (Opp. 5:12-16). Beyond one sentence of say-so, Plaintiffs do not show how FE1 corroborates the DOJ Complaint. And if they could have shown it, Plaintiffs would have led with the point and not

4

bombarded the court with two dozen mostly inapposite cases that evade this defect and Defendants' showing that FE1 does not corroborate the DOJ Complaint. (MTS 3.)

Critically, FE1 left Visa in July 2023 (¶ 105), which is 3 months into the 19-month class period spanning March 2, 2023, to September 23, 2024. (¶ 1.) Courts routinely hold that allegations from former employees are not reliable to corroborate facts about what happened during a class period where, as here, their tenure does not overlap with the class period. *Zucco Partner v. Digimarc Corp.*, 552 F.3d 981, 995-96 (9th Cir. 2009); *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 416-17 (9th Cir. 2020); *City of Sunrise Firefighters' Pension Fund v Oracle Corp.*, 2019 WL 6877195, at *14 (N.D. Cal. Dec. 17, 2019).

Furthermore, FE1's allegations do not purport to address, let alone corroborate, all of the DOJ Complaint's allegations. For example, the fact that FE1 had generic knowledge of certain contractual structures that Visa used to retain merchants does not remotely corroborate the DOJ's allegations of wrongdoing relating to Visa's contractual and pricing terms. (*Compare* ¶¶ 79-104, *with* 105-108). And FE1 does not even purport to have any insight with respect to Visa's involvement with its Fintech alternatives and does not corroborate any of the DOJ's allegations that Visa improperly locked up or used coercive means to stifle competition over Fintech companies. (*Compare* ¶¶ 105-08 *with* ¶¶ 109-123). The handful of paragraphs attributed to FE1 do not corroborate the dozens of paragraphs in the Complaint that copy and depend upon the DOJ Complaint's allegations. (MTS 1:6-12.) This is fatal.

Finally, Plaintiffs contend that Visa "has now filed an answer in the DOJ action," and ask the Court to look at that. (Opp. 5.) That answer was filed on August 25, 2025 (*id.*), after Plaintiffs filed their Complaint in this case over a month earlier, on July 15. (ECF 38.) In no event could Plaintiffs have reviewed the answer as a basis to corroborate their own Complaint to timely comply with Rule 11. Moreover, the Answer does not corroborate the allegations. Aside from admitting the certain quotations are accurate (and incomplete), the answer consists of substantive denials. These do not corroborate Plaintiffs' claims. That explains why the Opposition does not attempt to show or explain how Visa's answer corroborates Plaintiffs' claims.

DEFENDANTS' REPLY ISO MOTION TO STRIKE                    Case No. 5:24-cv-08220-NW

## II.    PLAINTIFFS' PROCEDURAL ARGUMENTS ARE MERITLESS

Finally, Plaintiffs' procedural arguments regarding Rule 12(f) are a meritless red herring.   Plaintiffs contend that Rule 12(f) only permits striking allegations that fall within one of the five enumerated categories, and further asserts that using Rule 12(f) to address purported Rule 11 violations is improper.  (Opp. 1:21-28).  This argument strains credulity.  While courts in the Ninth Circuit *begin* their interpretation of the Federal Rules of Civil Procedure with the relevant rules "plain meaning," they are in no way limited to it.  *Whittlestone, Inc v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (addressing issue of whether to strike damages demand from complaint).  Indeed, courts also consider the underlying purpose of a 12(f) motion which is to "avoid the expenditure of time and money that must arise from litigating spurious issues . . ." *Id.*  Accordingly, the Court is not rigidly confined to the literal text of the rule and may exercise its discretion to strike improper allegations where appropriate.

That is, of course, what courts following *Connetics* do.  (MTS 1-2.)  And Plaintiffs' own cited authority acknowledges that courts apply Rule 12(f) to strike allegations predicated on copying allegations from other complaints in violation of Rule 11.  *See Aesthetic Eye Assocs.*, 2023 WL 8828690, at *2 (citing cases). Even Plaintiffs' Second Circuit case looked to Rule 11 when considering the issue of relying on other complaints.  *Sherman*, 2025 WL 2825369, at *8 (recognizing that reliance on factual allegations from other proceedings is "subject, of course, to the limitations of Federal Rule of Civil Procedure 11").  Thus, it is squarely within the Court's power to strike Plaintiffs' uncorroborated allegations under Rule 12(f).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike all allegation in Plaintiffs' Amended Complaint that are derived from or based solely on the DOJ Complaint.

///

///

///

6

DEFENDANTS' REPLY ISO MOTION TO STRIKE                                      Case No. 5:24-cv-08220-NW

Dated: October 24, 2025          Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:        */s/ Mark R.S. Foster*
            Mark R.S. Foster

*Attorneys for Defendants*
Visa Inc., Ryan McInerney,
Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,
Peter Andreski, Oliver Jenkyn, and Jack Forestell

7