MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,*
*Peter Andreski, Oliver Jenkyn, and Jack Forestell*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC, RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL,<br><br>Defendants. | Case No. 5:24-cv-08220-NW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:       December 17, 2025<br>Time:       9:00 a.m.<br>Court:      Courtroom 3, 5th Floor<br>Judge:      Hon. Noël Wise |

## I.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE ANALYST REPORTS

As set forth in Defendants' Request for Judicial Notice ("RJN"), courts in the Ninth Circuit routinely take judicial notice of analyst reports, not for the truth of the matters asserted, but to determine the total mix of information available to investors at the time of the alleged corrective disclosure.  (RJN at 2 (citing *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008); *Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 983 & n.4 (N.D. Cal. 2015); *Zamir v. Bridgepoint Educ., Inc.*, 2016 WL 3971400, at *4 (S.D. Cal. July 25, 2016).) Courts also take judicial notice of analyst reports in the context of analyzing loss causation at the motion to dismiss stage.  (RJN at 2 (citing *Nathanson*, 87 F. Supp. 3d at 983 & n.4).)  And the Ninth Circuit has affirmed dismissal where courts considered analyst reports offered by defendants to refute loss causation allegations.  *See Curry v. Yelp Inc.*, 2015 WL 7454137, at *8 & n.7  (N.D. Cal. Nov. 24, 2015), *aff'd*, 875 F.3d 1219 (9th Cir. 2017).

Plaintiffs' Opposition does not address, let alone distinguish, any of the above authorities. Instead, Plaintiffs argue that Defendants are improperly using "analyst reports to dispute Plaintiff's allegations." (Opp. at 2:21-22.)  Plaintiffs are wrong.

Defendants do not ask the Court to accept the truth of the analyst reports' opinions or conclusions—for example:  that the DOJ Complaint is not a "slam dunk," or that "V's business practices do not seem to be considered intrinsically illegal by the DOJ."  (MTD at 12-13.)  Rather, Defendants request judicial notice of the fact that these analyst reports were published, and that they made the statements they did, on the dates they did, in the immediate wake of the filing of the DOJ Complaint.  (RJN at 3:20-22.)  This is a critical distinction and, for good reasons, other courts consider and reject similar objections: !"courts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public" and "for purposes of noting what was or was not discussed in the public realm."  *In re Century Aluminum Co.*, 2011 WL 830174, at *9.

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE                              Case No. 5:24-cv-08220-NW

Plaintiffs' objection to the analyst reports is really just deflection.  After all, pleading loss causation is Plaintiffs' burden.  One of the things they are required to do under the cases that they cite is show that the "market treats allegations in a lawsuit as sufficiently credible to be acted upon as truth." *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 792-93 (9th Cir. 2020).  And Plaintiffs' own cases look to analyst reports to see if plaintiffs have met that burden.  *See Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210-11 (9th Cir. 2016) ("[T]he market and *various analysts* perceived the [business] to be related to CVB's alleged misstatements about Garrett's ability to repay") (emphasis added).  And many other cases analyzing the sufficiency of loss causation allegations look to analyst reports too.  *E.g.*, *In re Daou Sys., Inc., Sec. Litig.*, 411 F.3d 1006, 1026 (9th Cir. 2005) (analyzing loss causation allegations about analyst reports that specifically noted, "[y]ou have got to question whether they are manufacturing earnings"); *Azar v. Yelp, Inc.*, 2019 WL 285196, at *5 (N.D. Cal. Jan. 22, 2019); *Reinschmidt v. Zillow, Inc.*, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014); *In re Avista Corp. Sec. Litig.*, 2006 WL 8429610, at *9 (E.D. Wash. June 2, 2006).

That Plaintiffs do not point to any analyst reports (or any other source) on their own is fatal and shows why this case is unlike the cases that have survived dismissal.  *See id.*  But the analysts reports that Defendants offer not only undercut Plaintiffs' arguments, as in *Curry*, 2015 WL 7454137, at *8 & n.7, they also show the futility of allowing leave to amend.  *Curry*, 875 F.3d at 1228.  Plaintiffs' cited cases are not to the contrary.

## II.    THE COURT CAN IGNORE PLAINTIFFS' BELATED JUDICIAL NOTICE REQUEST

Plaintiff's belated request for judicial notice seeks judicial notice of Visa's Amended Answer in the antitrust action.  There is no dispute that courts may take judicial notice of pleadings filed in other courts, but only for the fact of their filing and the existence of the statements made therein, not for the truth of the matters asserted.  *See San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (a court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

Plaintiffs' Opposition to Defendant's Motion to Strike offers the Answer because it "admitted

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE                    Case No. 5:24-cv-08220-NW

that quotations of internal correspondence reproduced in the DOJ's Complaint are accurate." (Opp. at 5.)  Plaintiffs do not explain the relevance of the point (*see id.*), but implies that the Answer (which Visa filed on August 22, 2025 in the DOJ case a month after Plaintiffs filed their Complaint here) excuses their failure to independently corroborate the allegations in the DOJ Complaint.  But they point to no substantive admissions and so the pleading does nothing to pardon Plaintiffs from their failing.  For these reasons, the Court can ignore the Answer and Plaintiffs' request for judicial notice of it.

**III.    CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' RJN in full and should deny Plaintiffs' RJN to the extent Plaintiffs attempt to use Visa's Answer in the antitrust case to cure the deficiencies in the Amended Complaint.

Dated: October 24, 2025              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:              */s/ Mark R.S. Foster*
                        Mark R.S. Foster

*Attorneys for Defendants*
Visa Inc., Ryan McInerney,
Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,
Peter Andreski, Oliver Jenkyn, and Jack Forestell

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE          Case No. 5:24-cv-08220-NW