MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,*
*Peter Andreski, Oliver Jenkyn, and Jack Forestell*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VISA INC., RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL, <br><br> Defendants. | Case No. 5:24-cv-08220-NW <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> Date:      April 29, 2026 <br> Time:     9:00 a.m. <br> Court:    Courtroom 3, 5th Floor <br> Judge:   Hon. Noël Wise |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS SAC

Case No. 5:24-cv-08220-NW

Defendants Visa Inc., Ryan McInerney, Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr., Peter Andreski, Oliver Jenkyn, and Jack Forestell ("Defendants") respectfully request that the Court consider, in connection with the Motion to Dismiss the Second Amended Class Action Complaint (the "Motion"), **Exhibits 1 through 17** attached to the Declaration of Mark R.S. Foster (the "Foster Declaration").

In deciding a motion to dismiss, courts "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motion to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (citation omitted). Defendants respectfully request that the Court consider **Exhibits 1, 2 and 5 through 17** to the Foster Declaration because each is subject to judicial notice, and **Exhibits 3 and 4** because each is incorporated by reference into the Second Amended Complaint.

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute in that "it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. United States Bankr. Ct. for Dist. Of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## I. News Articles in the Public Domain and Analyst Reports

### A. Request for Judicial Notice of News Articles and Analyst Reports

The Ninth Circuit has long held that courts can take judicial notice of and consider information in the public domain, such as news articles and analyst reports, when ruling on motions to dismiss securities cases—not for the truth of the matters in the materials, but for the information that was in the market and affecting the stock price. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-81 & n.18 (9th Cir. 1999) (affirming court's taking judicial notice of news articles); *In re Silverlake Grp., L.L.C. Sec. Litig.*, 2022 WL 4485815, at *3 & nn.5-7 (N.D. Cal. Sept. 27, 2022) (taking judicial notice of the existence of various news articles). Following *Heliotrope General*, courts also routinely take judicial notice of analyst reports when ruling on

2

motions to dismiss securities fraud complaints. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (noting that "courts routinely take judicial notice of analyst reports"), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *Zamir v. Bridgepoint Educ., Inc.*, 2016 WL 3971400, at *4 (S.D. Cal. July 25, 2016) ("While the . . . analyst reports . . . may not be considered 'for the truth of their contents' . . . , the Court may properly look to those reports to understand the 'total mix' of information available to investors over the class period." (third ellipsis in original) (citation omitted)); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of "the content of the reports and the date they were disclosed to the market"); *Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 983 & n.4 (N.D. Cal. 2015) (granting judicial notice of analyst reports in evaluating loss causation in connection with motion to dismiss).

Accordingly, this Court should take judicial notice of the *Wall Street Journal* news articles that were in the public domain and are attached to the Foster Declaration as **Exhibits 1 and 2** and the analyst reports that are attached to the Foster Declaration as **Exhibits 5 through 10**. Consistent with the foregoing cases, Defendants ask the Court to take judicial notice of the content and date of the news articles and reports, not for the truth of the statements made therein.

B.  Incorporation-By-Reference of News Articles

Ninth Circuit precedent also allows for courts to consider news articles incorporated by reference in a complaint. "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018). The purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims." *Id.* With these principles in mind, the *Khoja* court incorporated by reference a blog post only quoted once because it found the blog post "convey[ed] numerous facts" and the complaint "did more than merely mention it." *Id.* at 1004. The *Khoja* court also incorporated market reports finding that the reports "form[ed] the basis of [the complaint's] claim." *Id.* at 1004.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE      Case No. 5:24-cv-08220-NW
ISO MOTION TO DISMISS SAC

Accordingly, this Court should incorporate by reference the *Bloomberg* and *New York Times* articles which satisfy the standard in *Khoja*.  The SAC quotes from and refers to the *Bloomberg* and *New York Times* newsletter numerous times, and Plaintiffs' "revelation of the truth" theory to support its loss causation element is entirely based on the *Bloomberg* article and *New York Times* newsletter. Accordingly, this Court should incorporate by reference **Exhibits 3 and 4**.

### II.   Visa's Historic Stock Price Information

The Ninth Circuit has held that it is proper to take judicial notice of a public company's historic stock price information in connection with ruling on a motion to dismiss.  *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).  For that reason, courts routinely take judicial notice of stock data like that found in **Exhibit 11**.  *See, e.g.*, *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) (taking judicial notice of "historical stock prices" on the ground that they "are 'not subject to reasonable dispute' and 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'" (citation omitted)); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (same); *accord Lake v. Zogenix, Inc.*, 2020 WL 3820424, at \*5 (N.D. Cal. Jan. 27, 2020); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015).

Accordingly, the Court should take judicial notice of Visa's historical stock prices that are attached to the Foster Declaration as **Exhibit 11**.

### III.   Form 4s

Form 4s are documents that insiders of public companies must file to disclose both their sales of the company's securities and the amount of securities they continue to hold after such sales. Courts in this district take judicial notice of Form 4s filed with the SEC when, as here, "Plaintiff's scienter allegations in the FAC rely on Defendants' allegedly suspicious trading patterns, information which is disclosed to the public through the Form 4." *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994, 1019, n.5 (N.D. Cal. 2018); *see also In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of Form 4s because "[t]hese documents, and whether stock sales were made or not made, are relevant for the purpose of evaluating scienter"); *In re Copper Mountain Sec. Lit.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) (taking judicial notice of SEC

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE                Case No. 5:24-cv-08220-NW
ISO MOTION TO DISMISS SAC

Form 4s); *Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 929 n.6 (N.D. Cal. 2012) (same). Plaintiffs need not refer directly to Form 4s in their complaints for courts to take judicial notice of Form 4s, particularly when the "scienter and insider trading allegations do rely expressly on [] stock sales" and when Form 4s are being used to show "that the stock sales were made pursuant to a Rule 10b5-1 trading plan." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012); *see also In re Solarcity Corps. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017).

Accordingly, this Court should take judicial notice of the Form 4s that are attached to the Foster Declaration as **Exhibits 12 through 16.** The Court can also consider the table in **Exhibit 17**, as it is a summary of the information found in **Exhibits 12 through 16.**

DATED: January 23, 2026       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:          */s/ Mark R.S. Foster*
                Mark R.S. Foster

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney, Chris Suh, Vasant Prabhu,*
*Alfred F. Kelly, Jr., Peter Andreski, Oliver Jenkyn, and*
*Jack Forestell*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE       Case No. 5:24-cv-08220-NW
ISO MOTION TO DISMISS SAC