Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VISA INC, RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL,<br><br>    Defendants. | Case No. 5:24-cv-08220-NW<br><br>CLASS ACTION<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>JUDGE:    Hon. Noël Wise<br>DATE:    April 29, 2026<br>TIME:    9 a.m.<br>CTRM:    Courtroom 3, 5th Floor |

## I. INTRODUCTION

Defendants' Request for Judicial Notice (ECF No. 63 or "RJN") includes six analyst reports (ECF Nos. 62-5, 62-6, 62-7, 62-8, 62-9, 62-10) that are not properly subject to notice.[1] While a court may notice an article or analyst report for the purpose of showing what was known to the market in a securities case, Defendants may not use materials outside of the pleadings to dispute the allegations in the complaint or for their truth. Because that is what Defendants are trying to do here, the RJN violates controlling Ninth Circuit law, and should be denied.

## II. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED

### A. Legal Standard

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee v. Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

An exception to this rule is judicial notice under Federal Rule of Evidence 201, pursuant to which "'[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.' But a court cannot take judicial notice of disputed facts contained in such public records." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal citation omitted). Thus, while courts in the Ninth Circuit may notice news articles or analyst reports in securities cases when the date and contents of these records demonstrate that a fact was known to the market, courts cannot take notice of disputed facts or conclusions contained therein. *See In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("While the Court may take judicial record of matters of public record, '[s]uch documents as analyst reports, however, ___**may only be considered when they are submitted to establish 'whether and when certain information was provided to the market' not the truth of the matters asserted in the reports**___'") (emphasis added) (citation omitted); *Iron*

---

[1]   Defendants also ask the Court to notice two news articles purportedly for what they disclosed to the market (ECF No. 62-1 and 62-2); two news articles that are relied upon in the operative complaint (ECF Nos. 62-3 and 62-4); certain historical stock price data (ECF No. 62-11); and certain Forms 4 filed with the SEC and a chart reflecting data from the Forms 4 (ECF Nos. 62-12, 62-13, 62-14, 62-15, 62-16, and 62-17), which Plaintiff does not oppose.

*Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at \*6 (N.D. Cal. Mar. 16, 2020) (declining to take judicial notice of analyst report because "Defendants offer it to contradict Plaintiffs' allegations"); *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at \*4 (N.D. Cal. Feb. 20, 2024) ("Because [the analyst reports] are not specifically referenced in the complaint or relevant to the Court's analysis because they are offered to dispute the CAC's well-pled allegations, Defendants' request as to those exhibits is DENIED.").

The Ninth Circuit has identified a "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 899. As the Court of Appeals explained:

> Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id.*

### B. Defendants' Request for Judicial Notice is Improper

Defendants ask the Court to take judicial notice of six analyst reports, relying on caselaw finding that courts may take judicial notice of analyst reports in securities cases to show what information was known to investors. RJN 2-3 (requesting notice of ECF Nos. 62-5, 62-6, 62-7, 62-8, 62-9, 62-10). Defendants, however, are not attempting to use the analyst reports to demonstrate what had been disclosed to the public. Rather, Defendants are seeking to use these analyst reports to dispute Plaintiff's allegations. This is improper. *See Khoja*, 899 F.3d at 899; *Energy Recovery*, 2016 WL 324150, at \*3.

The impropriety of Defendants' request is clear from their Motion to Dismiss, where Defendants cite these analyst reports in support of their argument that the authors of the reports "questioned the viability of the DOJ's claims." *See* ECF No. 61 (or "MTD") 9-10. Defendants are attempting to use these analyst reports to raise a factual dispute concerning the merits of Plaintiff's

- 2 -

allegations—that the detailed factual findings of the DOJ's multiyear investigation and Complaint revealed that Visa's Class Period statements were false or misleading and led to a decline in Visa's stock price. Accordingly, TD Cowen's thoughts on the quality of Visa's product offerings and its opinion that "we do not view [the antitrust case] as a slam dunk for the Justice Department…", MTD at 9, are improper subjects of judicial notice under *Khoja,* as they are not being used to show the date a fact was disclosed to the market, but are simply attempts to dispute Plaintiff's pleading. *See Khoja*, 899 F.3d at 899.

The cases Defendants cite in their RJN do not support their position. Defendants' cases (several of which specifically cite *Khoja*) stand for the proposition that courts routinely take judicial notice of analyst report to show what has been disclosed to the market, RJN 2-3, but Plaintiff does not dispute that point of law. In fact, that is the legal principle that Plaintiff relies upon, and Defendants do not even try to explain how that principle applies here: What public disclosure is revealed by TD Cowen's thoughts on Visa's product offerings or its opinion that "we do not view [the antitrust case] as a slam dunk for the Justice Department…"? *See* MTD 9. The difficulty in answering that question demonstrates why Defendants' request to notice the analyst reports is improper.

### CONCLUSION

Because Defendants rely on the analyst reports in an attempt to dispute Plaintiff's well-pled allegations, Defendants' request for judicial notice of the analyst reports (ECF Nos. 62-5, 62-6, 62-7, 62-8, 62-9, 62-10) should be denied.

DATED: February 6, 2026      **THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

By: /s/ *Brian B. Alexander*
Brian B. Alexander, Esq. (*pro hac vice*)
Michael Cohen (*pro hac vice* forthcoming)
275 Madison Avenue, 40th Floor

- 3 -

PARTIAL OPPOSITION TO DEFENDANTS' RJN    CASE NO. 5:24-cv-08220-NW

New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: balexander@rosenlegal.com
       mcohen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

PARTIAL OPPOSITION TO DEFENDANTS' RJN       CASE NO. 5:24-cv-08220-NW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 6, 2026                /s/ *Brian B. Alexander*
                                         Brian B. Alexander

- 5 -

CERTIFICATE OF SERVICE                             CASE NO. 5:24-cv-08220-NW