MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
BONIFACIO C. SISON (SBN 335484)
bonifacio.sison@skadden.com
MADISON M. FLOWERS (SBN 345759)
madison.flowers@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Defendants*
*Visa Inc., Ryan McInerney,*
*Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,*
*Peter Andreski, Oliver Jenkyn, and Jack Forestell*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BEIBEI CAI, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VISA INC., RYAN MCINERNEY, CHRIS SUH, VASANT PRABHU, ALFRED F. KELLY, JR., PETER ANDRESKI, OLIVER JENKYN, and JACK FORESTELL, <br><br> Defendants. | Case No. 5:24-cv-08220-NW <br><br> **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date:      April 29, 2026 <br> Time:      9:00 a.m. <br> Court:     Courtroom 3, 5th Floor <br> Judge:    Hon. Noël Wise |

## I.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF NEWS ARTICLES IN THE PUBLIC DOMAIN AND VISA'S HISTORIC STOCK PRICE INFORMATION

Plaintiffs do not oppose Defendants' request for judicial notice of the four news articles (attached as Exhibits 1–4 to the Foster Declaration), Visa's historical stock price data (attached as Exhibit 11), or the Form 4s and the chart summarizing the information contained in the Form 4s (attached as Exhibits 12–17).  Because Plaintiffs do not object and judicial notice is proper as to these exhibits, the Court should grant Defendants' request for judicial notice of Exhibits 1–4, 11, and 12–17.

## II.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE ANALYST REPORTS

As set forth in Defendants' Request for Judicial Notice ("RJN"), courts in the Ninth Circuit routinely take judicial notice of analyst reports, not for the truth of the matters asserted, but to determine the total mix of information available to investors at the time of the alleged corrective disclosure. (RJN at 2-3 (citing *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013)); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008); *Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 983 & n.4 (N.D. Cal. 2015); *Zamir v. Bridgepoint Educ., Inc.*, 2016 WL 3971400, at *4 (S.D. Cal. July 25, 2016).)  Courts also take judicial notice of analyst reports in the context of analyzing loss causation at the motion to dismiss stage.  (RJN at 3 (citing *Nathanson*, 87 F. Supp. 3d at 983 & n.4).)  And the Ninth Circuit has affirmed dismissal where courts considered analyst reports offered by defendants to refute loss causation allegations.  *See Curry v. Yelp Inc.*, 2015 WL 7454137, at *8 & n.7  (N.D. Cal. Nov. 24, 2015), *aff'd*, 875 F.3d 1219 (9th Cir. 2017).

Plaintiffs' Opposition does not specifically address, let alone distinguish, any of the above authorities.  Instead, Plaintiffs argue that Defendants are improperly using "analyst reports to dispute Plaintiff's allegations" and claim that Defendants have not explained what public disclosure is revealed by the analyst reports.  (Opp. 2:21-22, 3:12-16.)  Plaintiffs are wrong.

Defendants do not ask the Court to accept the truth of the analyst reports' opinions or conclusions—for example: that the DOJ Complaint is not a "slam dunk," or that "V's business

2

practices do not seem to be considered intrinsically illegal by the DOJ." (MTD at 12-13 (citation omitted).) Rather, Defendants are asking the Court to take judicial notice of what the analysts said—the opinions they expressed—not the truth of those opinions (e.g., whether the DOJ's case has merit or not). (RJN at 3:20-22.) This is a critical distinction and, for good reasons, other courts consider and reject similar objections: "courts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public" and "for purposes of noting what was or was not discussed in the public realm." *In re Century Aluminum Co.*, 2011 WL 830174, at *9.

The relevant legal principle—acknowledged by Plaintiffs—is that courts may take judicial notice of the existence and content of analyst reports to show what information was available to the market and how the market may have perceived or reacted to that information. (Opp. 3:8-12.) And courts in this Circuit have made clear that "Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish 'whether and when certain information was provided to the market.'" *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (citation omitted). That is precisely the purpose for which Defendants request judicial notice here.

Plaintiffs' objection to the analyst reports is really just deflection. After all, pleading loss causation is Plaintiffs' burden. One of the things they are required to do under the cases that they cite is show that the "market treats allegations in a lawsuit as sufficiently credible to be acted upon as truth." *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 792-93 (9th Cir. 2020). And Plaintiffs' own cases look to analyst reports to see if plaintiffs have met their burden. *See Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210-11 (9th Cir. 2016) ("[T]he market and ***various analysts*** perceived the [business] to be related to CVB's alleged misstatements about Garrett's ability to repay." (emphasis added)). In *Lloyd*, Plaintiff's cited case, the lower court granted judicial notice of these analyst reports, and the Ninth Circuit did not disturb that ruling. *Lloyd v. CVB Fin. Corp.*, 2013 WL 12120506 (C.D. Cal. May 5, 2013), *aff'd in part, rev'd in part*, 977 F.3d 781 (9th Cir. 2020).

And many other cases analyzing the sufficiency of loss causation allegations look to analyst reports too. *See, e.g., In re Daou Sys., Inc., Sec. Litig.*, 411 F.3d 1006, 1026 (9th Cir. 2005)

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE

Case No. 5:24-cv-08220-NW

(analyzing loss causation allegations about analyst reports that specifically noted, "[y]ou have got to question whether they are manufacturing earnings"); *Azar v. Yelp, Inc.*, 2019 WL 285196, at *5 (N.D. Cal. Jan. 22, 2019); *Reinschmidt v. Zillow, Inc.*, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014); *In re Avista Corp. Sec. Litig.*, 2006 WL 8429610, at *9 (E.D. Wash. June 2, 2006).

That Plaintiffs do not point to any analyst reports (or any other source) on their own is fatal and shows why this case is unlike the cases that have survived dismissal. *See id.* But the analysts reports that Defendants offer not only undercut Plaintiffs' arguments, as in *Curry*, 2015 WL 7454137, at *8 & n.7, they also show the futility of allowing leave to amend. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017). As in *Lloyd*, the lower court in *Curry* granted judicial notice of analyst reports, and that conclusion was not revisited or challenged on appeal. *See Curry v. Yelp*, 2015 WL 1849037, at *5 (N.D. Cal. April 21, 2015) (granting judicial notice because the defendants did "not seek to introduce the Exhibits for the truth of the statements made therein, but rather to demonstrate 'that the market was aware of the information' contained therein prior to the class period.") (internal citation omitted). Plaintiffs' cited cases are not to the contrary. Accordingly, judicial notice is proper for the limited purpose of establishing that these statements were made and available to the market, not for the truth of the matters or opinions expressed by analysts. The Court should therefore grant judicial notice of Exhibits 5-10.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Defendants' RJN in full.

Dated: February 13, 2026          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    _____*/s/ Mark R.S. Foster*_____
                    Mark R.S. Foster

*Attorneys for Defendants*
Visa Inc., Ryan McInerney,
Chris Suh, Vasant Prabhu, Alfred F. Kelly, Jr.,
Peter Andreski, Oliver Jenkyn, and Jack Forestell